**Charles Allen KING, Petitioner–Appellant,**

v.

**James A. COLLINS, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellee.**

**No. 90–1885.**

United States Court of Appeals,
Fifth Circuit.

Oct. 25, 1991.

Charles Allen King, pro se.

Charles A. Palmer, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellee.

Before THORNBERRY, DAVIS and WIENER, Circuit Judges.

THORNBERRY, Circuit Judge:

Charles Allen King was convicted in Texas state court for the offense of delivery of less than 28 grams of cocaine and was sentenced to 45 years imprisonment. He appealed his conviction to the Texas court of appeals in Eastland, Texas. The state court of appeals affirmed his conviction. King requested a late Petition for Discretionary Review with the Texas Court of Criminal Appeals but the request was denied in November 1988. King has filed two applications for Writ of Habeas Corpus in the state courts. The first application was denied in May 1988 because his direct appeal was still pending. The second was denied without a written opinion in May 1989. King then filed a Petition for Writ of Habeas Corpus in the federal district court for the Northern District of Texas in Lubbock. The Petition was dismissed with prejudice in September 1990. King now appeals the district court's order dismissing his Petition for Writ of Habeas Corpus.

Finding that the evidence is insufficient to support a conviction for actual delivery of cocaine, we reverse the district court and grant the Writ of Habeas Corpus.

■ King contends that he is being held in violation of the Constitution because the evidence is insufficient to support a conviction for delivery of cocaine and because the introduction of testimony from a paid informant, without a specific credibility instruction, violated due process. We find that the evidence is insufficient to support the conviction and therefore need not reach the issue of the informant's testimony.

■ In habeas proceedings, this court must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found that the essential elements of the offense had been proved beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). Additionally, findings made by the state court are entitled to a presumption of correctness in federal habeas proceedings. 28 U.S.C. § 2254(d). The Texas court of appeals made the following findings of fact on direct appeal.

In February 1987, Bobby Roemisch, a confidential police informant, met with King and arranged to buy $325 worth of Dilaudid from him. King, promising to return with the pills in ten minutes, took the $325 from Roemisch. King never returned with the pills.

Several days later, Roemisch and a friend were looking for a syringe with which to inject the contents of two Dilaudid pills when they met King. King told them that they could get a syringe from his friend's apartment. Once the three men were inside the apartment, King produced a foil packet containing cocaine. Roemisch asked King if he would share the cocaine with him since King owed him $325 from their previous encounter. King agreed to share the cocaine but instead mixed the contents of the packet' with water and injected all of the liquid into himself. King then told Roemisch that he would get another gram of cocaine for him to "square" the $325 debt. King left the apartment, leaving the foil packet with the cocaine residue on it, on a dresser in the apartment. Roemisch picked up the foil and turned it over to the police.

In order to support a conviction for actual delivery of cocaine, the evidence must show that King knowingly and intentionally delivered cocaine to Roemisch. Tex. Health & Safety Code Ann. § 481.112 (Vernon's 1991). The court's charge to the jury stated that

a person acts intentionally, or with intent, with respect to the nature of his conduct or as a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. . . . A person acts knowingly, or with knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result.

Based on the foregoing facts, a reasonable jury could not have found, beyond a reasonable doubt, that King intentionally and knowingly delivered cocaine to Roemisch.

The evidence does not support a finding that it was King's conscious desire to deliver cocaine to Roemisch or that King was even aware that Roemisch would pick up the foil wrapper. The evidence shows only that King emptied the cocaine from a foil packet onto a spoon, mixed the cocaine with water, and injected the entire mixture into himself. He placed the foil wrapper, containing merely cocaine residue, on a dresser and left the apartment.

On these facts, the jury could not have found beyond a reasonable doubt that King intended to deliver cocaine to Roemisch. Therefore, we grant King's Petition for Writ of Habeas Corpus.

REVERSED.